UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| CHENAE MARIE JENKINS, | No. 2:14-CV-0027-SMJ |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION** |
| CAROLYN W. COLVIN, acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court, without oral argument, are cross summary judgment motions. ECF Nos. 12 & 16. Plaintiff Chenae Jenkins appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 1. Plaintiff contends the ALJ erred in assessing the Plaintiff's credibility, in weighing the medical evidence, and in posing proper hypothetical questions to the vocational expert and assessing the Plaintiff's residual functional capacity. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision.

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Plaintiff's motion and grants the Commissioner's motion.

ORDER - 1

A.   **Statement of Facts**[1]

Plaintiff did not finish high school and took special education classes while in school. At the time of the hearing in May 2012, Plaintiff was 30 year of age and had previous work experience as a home health attendant and a nurse's assistant. Plaintiff believes she is entitled to benefits as a result of numerous severe physical and mental conditions that have made her unable to work since February 1997. Specifically, Plaintiff suffers from depression, anxiety, post-traumatic stress disorder, attention deficit hyperactivity disorder, fibromyalgia, a spine problem, scoliosis, and knee pain, among others.

Plaintiff has been treated for her physical impairments with Group Health and for her mental impairments with Family Services Spokane and Spokane Mental Health.

At the hearing, the ALJ found that Plaintiff has suffered from a number of severe impairments, including intermittent headache disorder, depression, anxiety, post-traumatic stress disorder, obesity, fibromyalgia, and polysubstance abuse in full sustained remission. Nonetheless, the ALJ denied benefits on the grounds that Plaintiff has the residual functional capacity to perform light work and is capable of performing the requirements of certain occupations that exists in significant numbers in the national economy.

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

ORDER **-** 2

## B.  Procedural History

Plaintiff filed an application for disability benefits on September 30, 2010. This application was denied as was her request for reconsideration. Subsequently, Plaintiff filed a request for hearing. The ALJ conducted a hearing and, on September 12, 2013, issued a decision denying benefits. Plaintiff requested a review of the decision by the Appeals Counsel, which was denied. Plaintiff now brings this action pursuant to 42 U.S.C. § 405(g), claiming that the ALJ's decision is based on legal error and not supported by substantial evidence.

## C.  Disability Determination

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

//

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**D.    Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by

substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**E.     Analysis**

The ALJ used the required five-step sequential framework to determine whether Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. ECF No. 9 at 36. At step two, the ALJ concluded that Plaintiff has several severe impairments as defined under the Social Security Act and Regulations. *Id.* at 37. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the requisite severity.

*Id.* at 38-47. At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. *Id.* at 47. At step five, the ALJ found that Plaintiff, despite certain limitations, has the residual functional capacity to perform light work and is capable of performing the requirements of certain occupations that exists in significant numbers in the national economy. *Id.* at 47-48.

Plaintiff believes that, in reaching this conclusion, the ALJ committed three reversible errors. First, Plaintiff argues that the ALJ improperly deemed her subjective symptom testimony to be not credible. ECF No. 12 at 11-12. Second, Plaintiff asserts that the ALJ did not properly consider and weigh the medical opinion of Dr. Ben Budenholzer. *Id.* at 12-13. Third, Plaintiff does not find that the ALJ properly assessed her residual functional capacity nor posed appropriate hypothetical questions to the vocational expert. *Id.* at 13.

1. <u>Symptom testimony.</u>

Plaintiff testified that she suffered from debilitating physical impairments, including issues with headaches, her spine, and fibromyalgia, and mental impairments, including posttraumatic stress disorder, anxiety disorder, panic disorder, depression, among others. ECF No. 9 at 40-41. The ALJ found Plaintiff's statements to lack credibility.

Plaintiff contends that the ALJ dismissed her testimony without basing it on any convincing evidence. ECF No. 12 at 12. In her brief, Plaintiff does not,

ORDER - 7

however, support this contention with any specific reference to the ALJ's allegedly flawed reasoning. *See* ECF No. 12. In response, the Commissioner maintains that Plaintiff has waived this argument because it is not sufficiently briefed and that the ALJ has supported this determination with substantial evidence. ECF No. 16 at 7. Even without considering whether Plaintiff has waived this point as a result of threadbare briefing, the Court is satisfied that the ALJ's analysis is well supported by sufficient specific facts and, as a result, agrees with the Commissioner.

      *a.*    <u>*Legal standard.*</u>

To weigh the credibility of subjective symptom testimony, the ALJ must engage in a two-step inquiry. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

//

"In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and inconsistencies in claimant's testimony." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). There are also numerous factors that an ALJ may consider in weighing a claimant's credibility. In *Lingenfelter v. Astrue*, the Ninth Circuit provided some examples of acceptable points of inquiry: "(1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence." 504 F.3d 1028, 1040 (9th Cir. 2007). As long as the ALJ's findings are supported by substantial evidence, this Court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

      b.    <u>ALJ's determination.</u>

The ALJ found that the Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." ECF No. 9 at 41. Further, the ALJ did not find any evidence of malingering. *See id.* Nonetheless, the ALJ was not persuaded by the Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms." *Id.*

ORDER **-** 9

Accordingly, the Court must review the record and assess whether the ALJ relied on sufficient specific facts in reaching this conclusion.

Relying on ordinary techniques of determining credibility, the ALJ highlighted that Plaintiff provided inconsistent statements. *Id.* at 45. Specifically, in 2010, Plaintiff reported that she lived with a friend and that she prepared meals on a daily basis, which conflicted with testimony at the hearing, where Plaintiff stated that her roommate performed all the household chores such as cooking and cleaning." *Id.*

The ALJ also considered the treatments that Plaintiff sought for her conditions, the objective medical evidence, and whether Plaintiff failed to follow through on any of the recommended treatments.

As for the physical symptoms, the ALJ found that the treatment of the headache issues was very sparse and that Plaintiff did not seek any treatment since a September 2002 emergency room visit. *Id.* at 41. For the spinal issues and fibromyalgia, the ALJ looked to the most recent medical record, which stated that Plaintiff had no problems with toe and heel walking and prescribed a conservative treatment for these ailments. *Id.* at 44.

As for the mental symptoms, the ALJ noted that Plaintiff did not follow through on recommendations to seek alternative treatments other than medication to deal with anxiety. *Id.* at 43. Further, the ALJ pointed to numerous counseling

appointments that were cancelled not as a result of the mental health symptoms that Plaintiff suffered from but for other, unrelated reasons. *Id.* Also, the ALJ considered the various findings in treatment records that established that while symptoms waxed and waned, when Plaintiff received counseling and medication, her symptoms improved. *Id.* at 44.

The ALJ also considered and cited the daily activities that Plaintiff engaged that were inconsistent with the symptoms alleged. This included "preparing meals, shopping, reading, watching television, attending doctor's appointments and managing her finance." *Id.* at 45. The ALJ also noted that Plaintiff has her driver's license and was able to pass the test on the first try and that she was, at the time of the hearing, in the process of receiving her GED. *Id.* Moreover, the ALJ determined that Plaintiff takes care of her minor children, including her disabled six-year-old son who she takes care of on the weekends. *Id.* Perhaps most importantly, the ALJ highlighted that Plaintiff "worked after the date that she alleges she became disabled." Plaintiff worked for a while as a nurse's assistant in 2005, and though she left this job, she did not do so because of her various impairments. *Id.* Somewhat related, Plaintiff also served as the primary caregiver for her grandmother before her death. *Id.*

Reviewing this record, the Court is satisfied that the ALJ cited specific, clear, and convincing evidence in finding Plaintiff's symptom testimony to be not

ORDER **-** 11

credible. The ALJ considered Plaintiff's credibility from a traditional standpoint as well as in accordance with well accepted factors. The facts in the record constitute more than a scintilla and so the Court finds the ALJ's conclusion to be reasonable and it will not second guess the adverse credibility determination. This is especially true given Plaintiff's failure to adequately brief this issue.

    2.    <u>Medical opinion of Dr. Budenholzer.</u>

Plaintiff also believes that had the ALJ erred by giving the opinion of Dr. Brian Budenholzer too little weight. ECF No. 12 at 12. Specifically, Plaintiff draws the Court's attention to a form filled out by Dr. Budenholzer that states that Plaintiff cannot work due to combined physical and mental impairments. *Id.* In response, the Commissioner argues that this point is insufficiently briefed and that the ALJ properly discounted this document. ECF No. 16 at 10-11. The Court is satisfied that the ALJ properly discounted Dr. Budenholzer's medical opinion and, as a result, agrees with the Commissioner.

The document in question, which was filled out and signed by Dr. Budenholzer, does state that Plaintiff cannot work as a result of mental and physical impairments. ECF No. 9 at 502-504. However, as Dr. Budenholzer himself explains, this form was completed on Plaintiff's request and with her assistance. *Id.* at 699-700. Further, rather than complete disability, this document

ORDER **-** 12

only established that Plaintiff's condition would only limit her ability to work for a period of six months as a result of a treatment plan. *Id.* at 503.

The weight to be given to medical opinions depends upon whether the opinion is proffered by a treating, examining, or non-examining professional. See *Lester v. Chater*, 81 F.3d 821, 830–831 (9th Cir. 1995). In general, a treating physician's opinion is entitled to greater weight than that of a nontreating physician because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Andrews v. Shalala*, 53 F.3d 1035, 1040–41 (9th Cir. 1995) (citations omitted). If a treating physician's opinion is contradicted by another doctor, it may be rejected only for "specific and legitimate reasons" supported by substantial evidence in the record. *Ryan v. Comm'r of Social Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (quoting *Bayless v. Barnhart*, 427 F.3d 1121, 1216 (9th Cir. 2005)).

In deciding to not give much weight to this record, the ALJ cited that it was a temporary work restriction and that it appears to be based on Plaintiff's subjective report of her symptoms. *Id.* at 45. This reasoning is sufficient to justify the ALJ's decision and constitutes specific and legitimate reasons that are supported by substantial evidence. Opinions of temporary limitations have little bearing on a claimant's long-term functioning. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir.2008). Further, a medical opinion of a

treating physician that is based on a claimant's own subjective complaint, which is discredited by the ALJ, can be discounted. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Accordingly, the ALJ did not err in not giving little weight to this particular record.

The Commissioner also construes Plaintiff's motion as challenging the ALJ's treatment of Dr. Patricia Kraft's opinion. ECF No. 16 at 11. However, Plaintiff has only asked this Court to "note that DDS reviewing [psychologist] Patricia Kraft, Ph.D. indicated that Plaintiff is moderately limited in terms of her ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." ECF No. 12 at 13. The Court does not interpret this statement, made in the context of Plaintiff's contention regarding the testimony of the vocational expert, as challenging the ALJ's treatment of Dr. Kraft's opinion.

3. <u>Residual functional capacity.</u>

Plaintiff's final contention is that the ALJ failed to pose an adequate hypothetical to the vocational expert. *Id.* at 13. Specifically, Plaintiff believes that the "hypothetical question did not fully represent Plaintiff's physical impairments, nor did it accurately portray her psychological impairments and her pain complaints." *Id.* Plaintiff does not point out exactly how the ALJ's hypothetical

failed to represent Plaintiff's physical impairments or which hypothetical question was deficient. In response, the Commissioner argues that the ALJ did not have to accept the added restrictions included in certain hypothetical questions if these restrictions are not supported by substantial evidence. ECF No. 16 at 14. The Court agrees with Commissioner.

The hypothetical posed to the vocational expert must accurately reflect the claimant's physical and mental limitations that are determined credible and supported by the record. However, the ALJ may exclude restrictions in the hypothetical that are unsupported by the record or discredited as unreliable. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162–63 (9th Cir. 2001).

Plaintiff, on cross examination of the vocational expert, asked hypotheticals with more restrictive limitations than those posed by the ALJ. ECF No. 9 at 117-21. The vocation expert admitted that under such limitations the Plaintiff would not be able to work in any capacity. *Id.* at 121. Specifically, if Plaintiff was off task occasionally, which is defined as one-third of the workday she would be unemployable. *Id.* at 120-21. However, the Plaintiff has failed to demonstrate that these additional restrictions are supported by the record. Indeed, Plaintiff only cites to Dr. Kraft as supporting this determination. *See* ECF No. 12 at 13. But, the ALJ incorporated the findings of the Dr. Kraft into determining what the proper residual functional capacity is for Plaintiff. ECF No. 9 at 46. The ALJ also

ORDER **-** 15

considered the opinions of Dr. Sean Mee and Dr. Rober Hoskins and provided adequate reasoning as to the weight afforded these opinions. *Id.* at 46-47. Furthermore, as discussed above, the ALJ properly discounted Plaintiff's subjective symptom testimony and gave little weight to Dr. Budenholzer's medical opinion. Because of this, the Court finds that the ALJ properly discounted the additional limitations that were posed to the vocational expert by Plaintiff's counsel on cross-examination.

**F.   Conclusion**

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Chenae Jenkins does not qualify for benefits.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.
2. The Commissioner's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.
3. **JUDGMENT** is to be entered in the Commissioner's favor.
4. The case shall be **CLOSED**.

//

//

/

ORDER **-** 16

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 30th day of March 2015.

_/s/ Salvador Mendoza Jr._

SALVADOR MENDOZA, JR.
United States District Judge